**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THEODORE W. SIMPSON III,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>COMPUTER SCIENCES<br>CORPORATION, a Nevada corporation,<br><br>Defendant-Appellee. | No.   17-55502<br><br>D.C. No.<br>2:15-cv-09997-ODW-AS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted August 10, 2018[**]
Pasadena, California

Before: CLIFTON and CHRISTEN, Circuit Judges, and RUFE,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Theodore Simpson appeals the district court's order granting summary judgment to Computer Sciences Corporation ("CSC"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Simpson brought claims under the Fair Employment and Housing Act ("FEHA") alleging that he was dismissed from his job as a computer technician because he was diagnosed with prostate cancer. However, there is no dispute that Simpson was laid off as part of a large-scale Reduction in Force (or "RIF") and CSC provided evidence showing that Simpson was identified as a candidate to be laid off well before his cancer diagnosis. CSC also provided evidence that Simpson was selected for the RIF as a result of a series of poor performance reviews, including evidence that, in some respects, Simpson was one of the worst-rated and least productive technicians in his facility.

We therefore affirm the district court's order granting summary judgment to CSC. The district court properly concluded that Simpson could not show that CSC dismissed him because of his cancer diagnosis and Simpson thus failed to establish a prima facie case of discrimination. In addition, Simpson's poor performance reviews provided a legitimate, non-discriminatory basis for his dismissal which Simpson failed to rebut with evidence of pretext. Finally, Simpson's claims that CSC failed to accommodate his disability and failed to engage in an interactive

process were also properly dismissed. Because CSC laid Simpson off for a legitimate, non-discriminatory, and non-pretextual reason, it had no obligation to accommodate Simpson's condition or undertake an interactive process to identify a potential accommodation. Accordingly, we affirm the judgment of the district court.

The parties shall bear their own costs for this appeal.

**AFFIRMED**.